UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| OHOHSHECHA DEFOE,<br><br>      Petitioner,<br>v.<br><br>JOAN FABIAN, Comm. Of Corr.,<br>LORI SWANSON, Att. Gen., and<br>STATE OF MINNESOTA,<br><br>      Respondents. | Civil File No. 09-1925 (ADM/AJB)<br><br>**REPORT AND RECOMMENDATION** |

This case is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. (Docket No. 1.) The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be summarily dismissed without prejudice, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I. BACKGROUND**

On February 2, 2009, Petitioner entered a "nolo contendere" plea to a charge of "Failure to register as a predatory offender" – a violation of Minn.Stat. § 243.166. He was given a 36-month sentence, and he is presently serving his sentence in the Washington County Jail in Stillwater, Minnesota. Petitioner did not file a direct appeal following his conviction and sentence, and he has not previously sought any other judicial review of his conviction or his sentence. (Petition, [Docket No. 1], p. 1, ¶s 1-10.)

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Petitioner's current habeas corpus petition lists nine grounds for relief, all of which are only briefly (and poorly) explained. Petitioner seems to be arguing that because he is a member of an American Indian tribe, he could not be prosecuted and convicted in a Minnesota state court, and his conviction must therefore be vacated for lack of jurisdiction.

Although the true nature of Petitioner's claims is not entirely clear, it is clear that none of his claims has been raised in any Minnesota state court. As noted above, Petitioner did not file a direct appeal, he has not filed any post-conviction motion, and he has not otherwise sought any judicial review of his conviction in any Minnesota state court. It is therefore readily apparent that Petitioner has failed to exhaust his state court remedies for any of his current claims for relief, (whatever they may be), and, accordingly, that this action must be summarily dismissed.

## II. DISCUSSION

It is well established that a federal court will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982). This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal law errors raised by state prisoners. O'Sullivan, 526 U.S. at 844; Rose, 455 U.S. at 518-19; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam).

"Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve

any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845 (emphasis added). Therefore, to exhaust his state court remedies, a prisoner must fairly present his federal claims to the highest available state court, (in Minnesota, the State Supreme Court), before seeking relief in federal court.

In this case, none of Petitioner's current claims for relief has ever been fairly presented to, or addressed by, the Minnesota Supreme Court. Indeed, the petition indicates that Petitioner has never challenged his conviction or sentence on any grounds in any state court. Because Petitioner has not fairly presented his current habeas corpus claims to the Minnesota state courts, he has not satisfied the exhaustion of state court remedies requirement.[2]

Furthermore, there is a state court remedy that might still be available for Petitioner's unexhausted claims -- namely a motion for post-conviction relief brought under Minn.Stat. § 590.01. The Court recognizes that Petitioner may be procedurally barred under state law from raising his unexhausted claims in a state post-conviction motion, if the state courts determine that those claims should have been previously raised in a direct appeal. However, it is preferable to have the Minnesota state courts, rather than the federal district court, decide which (if any) of Petitioner's unexhausted claims can still be heard and

---

[2] Petitioner's submissions include a letter from a state public defender, which purportedly explains why Petitioner has not presented any of his current claims to the Minnesota state courts. However, that letter simply indicates that Petitioner's criminal record satisfies the basic statutory requirements of Minnesota's predatory offender registration law. The letter makes no reference to any of the claims presented here, and it does not show that Petitioner should be excused from exhausting his state court remedies for those claims.

3

decided on the merits in state court. See Nelson v. Solem, 714 F.2d 57, 60 (8th Cir. 1983) ("[b]ecause there has been no showing that further resort to state procedures for post-conviction relief would be futile, we affirm the district court's decision to dismiss [the] habeas petition without prejudice for lack of exhaustion").[3]

## III. CONCLUSION

In sum, the Court finds that Petitioner's current habeas corpus petition must be summarily denied, because he has failed to exhaust his state court remedies for the claims that he is attempting to raise in his petition. It will be recommended that this action be dismissed without prejudice, however, so that Petitioner can return to the state courts and attempt to exhaust his unexhausted claims. Petitioner may return again to federal court -- if necessary -- after the state courts, including the Minnesota Supreme Court, have reviewed and decided every claim that he seeks to present in federal court. See Kelly v. Trickey, 844 F.2d 557, 559 (8th Cir. 1988).

The Court will further recommend that Petitioner's application for leave to proceed in forma pauperis, ("IFP"), be denied, because he has failed to state a habeas corpus claim that can be entertained in this district at this time. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP

---

[3] Any claims that the state courts refuse to decide on the merits because of a state procedural rule will be procedurally defaulted, and will not be reviewable in a future federal habeas proceeding, except upon a showing of sufficient cause and prejudice to excuse the procedural default, or upon presentation of new evidence proving "actual innocence." Coleman v. Thompson, 501 U.S. 722, 750 (1991). See also Jones v. Jerrison, 20 F.3d 849, 853 (8th Cir. 1994), ("[f]ederal courts will not review a procedurally defaulted claim because 'a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance'"), quoting Coleman, 501 U.S. at 732.

4

application should be denied where habeas petition cannot be entertained). It will also be recommended that Plaintiff's pending motion for appointment of counsel, (Docket No. 3), be denied, because he has not presented an entertainable claim. See Phillips v. Jasper County Jail, 437 F.3d 791, 794 (8th Cir. 2006) (court may appoint counsel if the claimant has presented an actionable claim for relief).

Petitioner has also filed an anomalous motion asking the Court to "enter in petition for Writ of Habeas Corpus w/ Appendix." (Docket No. 4.) If Petitioner is asking the Court to file his petition, his request is moot, because his petition has already been filed. If he is asking the Court to grant his petition, his request must be denied, for the reasons discussed herein. It is therefore recommended that this motion be denied, regardless of Petitioner's intended objective.

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254, (Docket No. 1), be DENIED;

2. Petitioner's application to proceed in forma pauperis, (Docket Nos. 2 and 5), be DENIED;

3. Petitioner''s motion for appointment of counsel, (Docket No. 3), be DENIED;

4. Petitioner's motion "to enter in petition for Writ of Habeas Corpus w/ Appendix." (Docket No. 4), be DENIED; and

    5. This action be DISMISSED WITHOUT PREJUDICE.

DATED: August 24, 2009

                                               s/ Arthur J. Boylan
                                               ARTHUR J. BOYLAN
                                               United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before September 8, 2009.